HeNRY G-. Smith, J.,
delivered the opinion of the Court.
The controlling question in this case grows out of the following facts:
Taylor, Wood & Co., employed Massey to serve them as a clerk in their store, for the term of a year, upon wages at rate of $40 per month. During the term, Taylor, Wood & Co., discovered that Massey was embezzling the money of the house, and forthwith discharged him from their service, and caused him to be indicted for the crime. Massey was tried and acquitted upon the indictment; and thereupon, brought this action against Taylor, Wood & Co., to recover the amount alleged to be owing him, for his services as clerk, before his discharge from the employment.
The action is, what,, at common law pleading, would be general assumpsit, and the declaration contains a count in the quantum meruit, to recover what the services of the plaintiff Massey, were reasonably toorth, for the time he was in the employment of the defendants.
Upon the pleading, the defense of the defendants was, the embezzlement of their moneys by the plaintiff.
Upon this issue, the Circuit Judge instructed the jury, that the embezzlement, if proved, was good cause for defendants to discharge plaintiff from their employment, and was a bar against the recovery of any compensation by the plaintiff, for his services during the part of the term of his employment, -prior to his discharge.
*449 It must be taken to be the settled law of Tennessee, that, when the employment is for a stipulated term, at stipulated wages, and the employer- discharges the employe during the term, for good cause, the latter cannot recover the stipulated wages, upon the express contract, but may sue for, and recover compensation for the service actually rendered during the term, and prior to the discharge, to the extent . such service was reasonably worth to the employer ; not, however, exceeding the rate of compensation stipulated by the express contract.
Such is the rule declared in the case of Jones vs. Jones, 2 Swan, 605; and again in the case of the Congregation of the Children of Israel vs. Peres, 2 Cold., 620. In the first of these cases, the rule was so declared, where the cause of discharge was the overseer’s cruelty to the slaves of the employer. In the second case, the ruling was made, where the cause of discharge was the violation of the laws of the Jewish religion, by the preacher, who was employed to preach and teach the Israelitish docrine and practice to the members of the congregation. In both cases, the causes of discharge were gross violation of duty, by the employe to the employers, and were good cause for discharge.
It may be that the sounder doctrine, is, that declared by the case in 1 Watts and Sergeant’s Rep., and by the English cases to which our attention has been directed, which seems to declare, that when the hiring is for a term, and the servant is guilty of gross violation of duty, the master may discharge him, and set up such *450 gross violation of duty, as an absolute bar to tbe recovery of any compensation for the service rendered, prior to the discharge. However this may be, the rule otherwise is heretofore settled in the jurisprudence of Tennessee, and must so stand.
Less reluctance is felt to the application of the rule of our Courts to the cause of embezzlement, for the reason that the value of the service of the embezzling clerk, has to be submitted to the jury, under the porper direction of the Court. It can scarcely be supposed, that the Court will advise, or the jury find, the service of a clerk who embezzled the money of the merchant employing him, to be reasonably worth to the employer much, if anything. The service of an embezzling clerk, cannot ordinarily be worth any compensation. Few merchants will be found willing to stipulate to pay wages to any extent, to clerks who will embezzle the moneys of the house. However, the value of the service of such clerk, what it has been reasonably worth to the employer, is a question of fact within the exclusive province of a jury to decide, under such proper instructions as the Court may give, without trenching upon such prerogative. of the jury.
Upon this view of the law, it is obvious that the plea found in the record, which sets up the embezzlement as a bar to the action, is bad.
And so, too, is bad, the replication to such plea, that the plaintiff was indicted and acquitted upon the charge of the embezzlement.
The acquittal upon the indictment, is not entitled to any effect as evidence in the civil action, as an answer *451 to the defense of embezzlement, or as tending to show that in fact the plaintiff did not commit the embezzlement.
The judgment must be reversed, and the cause sent back for new trial.